IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN EARL EPPS, JR., | § | |
| SPN #01535853, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2293 |
| | § | |
| FORT BEND COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Jonathan Earl Epps, Jr. (SPN #01535853), is an inmate in custody of the Harris County Jail. Epps has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his arrest and imprisonment. Epps appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Epps is currently incarcerated at the Harris County Jail in Houston, Texas. He does not challenge his detention or the conditions of his confinement. Instead, he has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with an incident that occurred several years ago.

In this case, Epps sues the Fort Bend County Sheriff's Department, the Missouri City Police Department, and Missouri City Police Officer P. Terry.  Epps complains that, on July 7, 2006, Officer Terry subjected him to an illegal search and arrest for purposes of harassment.  As a result of this arrest, Epps was confined in the Fort Bend County Jail and charges were lodged against him in cause number 44941.  Epps was detained pending a trial of those charges in the 268th District Court for Fort Bend County, Texas.  Thirteen months later, the trial court granted Epps's motion to suppress the evidence that was seized by Officer Terry on July 7, 2006.  Thereafter, Epps was released from custody.

Liberally construed, Epps contends that Officer Terry made a false arrest in violation of his rights under the Fourth Amendment and that he was falsely imprisoned as a result. Epps seeks $900,000.00 in damages from the defendants for his false arrest and imprisonment.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a

2

complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*.

28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary

relief from a defendant who is immune from such relief"). The PLRA also provides that the

court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied

that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief." 42

U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP

if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.

2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges the violation of a legal interest which clearly

does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure

to state a claim is governed by the same standard used to review a dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231

(5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation

omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the

plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan

Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

As outlined above, Epps's civil rights complaint stems from an arrest that occurred several years ago on July 7, 2006.  Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  This means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations.  *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

The United States Supreme Court has clarified that the "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes

4

detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 1100 (2007).  Epps reports that he was arrested on July 7, 2006, and detained for the next thirteen months pursuant to legal charges in cause number 44941.  This reflects that Epps was aware of the facts giving rise to his claims no later than July of 2006, when he was arrested and detained on the charges lodged against him.

The complaint in this case was filed on July 17, 2009, which is well outside the two-year limitations period for the allegations that form the basis of the claims.[1]  Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because Epps waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as frivolous. *See id.*

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.     Officials in charge of the Inmate Trust Fund are **ORDERED** to deduct funds from the account of Jonathan E. Epps, Jr. (SPN #1379030) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

---

[1]     The Clerk's Office received the complaint on July 20, 2009, and it was filed the same day.  Under the mail-box rule, courts treat the date that a *pro se* prisoner deposits his pleadings in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).   The complaint is dated June 22, 2009.  However, the pleadings were postmarked July 17, 2009, indicating that Epps placed his complaint in the prison mail system on that date.  Accordingly, the Court considers that the complaint was filed on July 17, 2009.

3.      The plaintiff's complaint is **DISMISSED** with prejudice as frivolous.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on July 22nd, 2009.

Nancy F. Atlas
United States District Judge

6